IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DALE LOUIS HOLLOWAY, | § | |
| (TDCJ No. 375528) | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-153-Y |
| | § | |
| | § | |
| DON JOHNSON, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Dale Louis Holloway's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Holloway has named several defendants and seeks monetary damages for alleged violation of constitutional rights under 42 U.S.C. § 1983. (Compl.§ IV, V, and VI.) Holloway claims that although he was interviewed for release to mandatory supervision in August 2003, and provided Texas Board of Pardons and Paroles Director Rissi Owens, and several parole officials at the Wynne unit, the required address information for such release, he was not released until December 2009. (Compl. § V, attachment page.) Holloway seeks monetary damages for every year he alleges he was unlawfully detained. (Compl.§ VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

be dismissed.[2]  Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4]  Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]  After review of the complaint under these standards, the Court concludes that Holloway's claims must be dismissed.

All of Holloway's claims for violation of constitutional rights under 42 U.S.C. § 1983 against all defendants must be dismissed as barred by the statute of limitations.  The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[6]  In Texas, the applicable limitations period is two years.[7]  A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[7] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2009)(Texas's two-year, personal-injury limitations statute).

review of the complaint that the alleged claims are barred by the applicable statute of limitations.[8]

Accrual of a claim under § 1983 is determined by federal law,[9] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[10] Plaintiff recites allegations arising from events starting in August 2003, when he was interviewed by Wynne unit parole counselors and by Owens.  He alleges that he was then assured that he would be released by 2006, and alleges that two and a half years after 2003, he believed he was being discriminated against.  He was sent to the Hightower unit in 2007, where he alleges he was again delayed for the same reasons he had been delayed at the Wynne unit. (Compl. § V, attachment page.) Upon review of the allegations in this complaint, the Court sees no basis to believe that Holloway did not know or have reason to know of the events giving rise to his claims at the time they were occurring.  As Holloway did not file the claims made the basis of this suit until March 4, 2010, his claims recited in Court are too late: the applicable two-year statute of limitations already had expired prior to the time Holloway filed suit.  As all claims for relief are barred by the applicable statute of limitation, they must be dismissed under 28 U.S.C. §§ 1915A(b)(1)

---

[8] *See Harris v. Hegman*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d at 620 (citing *Gartrell V. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

[9] *See Harris*, 198 F.3d at 157; *see also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

[10] *See Harris*, 198 F.3d at 157 (*citing Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418).

and 1915(e)(2)(b)(i) and (ii).

Therefore, all Plaintiff's claims are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

SIGNED June 23, 2010.

                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE